Filed 6/4/25  P. v. Dawson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101297 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F04520) |
| v. | |
| ISSAC DAWSON, | |
| Defendant and Appellant. | |

In 2012, defendant Issac Dawson[1] was convicted of crimes related to multiple armed robberies and attempted armed robberies.  He appeals the trial court's order denying his petition for resentencing under Penal Code[2] section 1172.6.  His appellate

---

[1]     Defendant's name appears as "Isaac Dawson," "Isaac Dabour Dawson," "Issac Da'Bour Dawson," and "Issac Dawson" in the record.  We use defendant's name as it appears on the order being appealed.

[2]     Undesignated statutory references are to the Penal Code.

1

counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and asked that we exercise our discretion to review the record for arguable issues on appeal.

This court notified defendant he had 30 days to file supplemental briefing raising any argument he wanted us to consider. Defendant filed a supplemental brief raising numerous contentions.[3] Having independently reviewed defendant's contentions in accordance with *Delgadillo*, we conclude none have merit. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, defendant was charged with two counts of second degree robbery, two counts of assault with a firearm, two counts of unlawful possession of a firearm, two counts of attempted second degree robbery, one count of unlawful possession of ammunition, and one count of misdemeanor resisting a peace officer. Various firearm enhancements were alleged as to the robbery, assault, and attempted robbery counts. A great bodily injury enhancement was also alleged as to one of the assault counts.

In 2012, a jury found defendant guilty of all charges except misdemeanor resisting a peace officer, which had been dismissed. Later that year, the trial court sentenced defendant to an aggregate determinate prison term of 19 years eight months, plus a consecutive indeterminate term of 50 years to life. This court affirmed the judgment on appeal. (*People v. Dawson* (Mar. 26, 2015, C071527) [nonpub. opn.].)

In September 2023, defendant filed a resentencing petition pursuant to section 1172.6. Counsel was appointed, and the prosecution filed a brief arguing defendant was ineligible for relief because he was not convicted of murder, attempted

---

[3]     Defendant attached certain documents to his supplemental brief, some of which were not already in the appellate record. This court notified defendant that, pursuant to California Rules of Court, rule 8.204(d), any attached documents that were not already in the appellate record would be disregarded, and we do so here.

murder, or manslaughter. Defendant's brief asked the trial court to hold a prima facie hearing and issue an order to show cause.

The trial court held a prima facie hearing in April 2024, and defendant was not present during the hearing. The trial court subsequently issued a written order denying defendant's petition for resentencing, reasoning that defendant was ineligible for relief as a matter of law because he did not have a qualifying conviction of murder, attempted murder, or manslaughter.

Defendant appeals.

## DISCUSSION

We evaluate the specific arguments presented but need not independently review the record. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

### I

#### *Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) narrowed the scope of the felony-murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The Legislature did so "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill 1437 also added former section 1170.95, current section 1172.6, which allows those convicted of murder, attempted murder, or manslaughter under a now-invalid theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a); Stats. 2022, ch. 58, § 10.) If the trial court finds that a petitioning defendant has made a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d).)

3

"[T]he prima facie inquiry under [section 1172.6,] subdivision (c) is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her [or their] factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition at the prima facie stage if the record shows the defendant is ineligible for relief as a matter of law].)

We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

II

*Analysis*

In his supplemental brief, defendant claims there were multiple errors during his original trial, including that police officers who testified during his trial were biased, untruthful, and unreliable, and that the trial court was biased against him. He further alleges the trial court was biased against him in declining to modify his sentence in 2016. We find defendant's arguments meritless because an appeal from a denial of a section 1172.6 petition is "not a direct appeal," and "[t]he statute does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

DISPOSITION

The trial court's order denying the resentencing petition is affirmed.


                                         /s/

                                         ROBIE, Acting P. J.


We concur:


 /s/

MESIWALA, J.


 /s/

FEINBERG, J.


5